UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF LOUISIANA
LAKE CHARLES DIVISION

**LOGAN OSCAR MORRIS ET AL**              **CASE NO. 2:25-CV-01513**

**VERSUS**                                **JUDGE JAMES D. CAIN, JR.**

**CITY OF LEESVILLE ET AL**               **MAGISTRATE JUDGE LEBLANC**

## MEMORANDUM ORDER

Before the court are a Motion for Preliminary Injunction, Motion for Permanent Injunction, and Motion for Judicial Review of Municipal Decision [doc. 11] filed by plaintiffs Logan Oscar Morris, Jeremy M. Draper, and Wellfit Medicine & Nutrition PLLC ("Wellfit"). Defendants oppose the motions. Doc. 19.

## I.
### INTRODUCTION

This suit arises from plaintiffs' efforts to obtain annexation of two parcels of land, totaling 23 acres, by the city of Leesville. The land contains the primary residence of plaintiffs Logan Morris and Jeremy Draper as well as space for their business, plaintiff Wellfit, and three vacant rental units. Doc. 11, att. 3, pp. 3–4. The parcels are surrounded on three sides by the Leesville city limits and already served by city sewage and water. *Id.*; *see* doc. 11, att. 2. Plaintiffs submitted an application for annexation on or about February 20, 2025, and paid the required fee on March 17. Doc. 11, att. 4, pp. 3–4, 9. The matter came for hearing before the Leesville Planning and Zoning Commission on April 3, 2025.

Doc. 11, att. 2, p. 3. The commission unanimously voted to send the matter forward to the City Council with a positive recommendation. *Id.*

After multiple postponements, the matter was placed on the City Council's agenda for August 25, 2025. Doc. 11, att. 5, p. 12; *see* doc. 11, att. 4. The matter was presented with opportunity for public comment, but did not pass. Doc. 11, att. 5, p. 14. On September 25, 2025, plaintiffs filed a "Petition for Devolutive Appeal, Preliminary Injunction, and Permanent Injunction" against the Council, its individual members, the City of Leesville, and Leesville Mayor Rick Allen in the 30th Judicial District Court, Vernon Parish, Louisiana. Doc. 1, att. 1. Defendants removed the matter to this court on the basis of federal question jurisdiction, 28 U.S.C. § 1331, on October 8, 2025. Doc. 1.

Three months later, plaintiffs filed the instant motions. They assert that the City Council violated Louisiana's municipality annexation statutes and their right to due process, denying the petition for annexation in order to prevent one of the plaintiffs from running for mayor. They request expedited relief, in the form of either an order to annex plaintiffs' property or conduct another hearing on the matter, before the February 13, 2026, deadline for qualifying to participate in the mayoral election. Doc. 11. Defendants oppose the motion, arguing that (1) Louisiana law commits annexation decisions exclusively to municipal authorities, and courts may not order annexation or compel municipal authorities to enact boundary-altering ordinances; (2) plaintiffs' unpled request for remand cannot be bootstrapped because a preliminary injunction must seek relief of the same character which may be granted finally; (3) the notice statute invoked by plaintiffs only applies to adoption

of annexation ordinances, not denials; and (4) plaintiffs' self-created delay and the availability of curative remedies defeat any claim of irreparable harm.[1] Doc. 19.

## II.
## LAW & APPLICATION

To obtain a preliminary injunction, the movant must show (1) a substantial likelihood of success on the merits of its claims; (2) a substantial threat of irreparable injury if the injunction is not granted; (3) that the threatened injury to the movant outweighs the harm the injunction may do to the nonmovant; and (4) that granting the injunction will not disserve the public interest. *Anderson v. Jackson*, 556 F.3d 351, 360 (5th Cir. 2009). "The grant of injunctive relief is an extraordinary remedy which requires the movant to unequivocally show the need for its issuance." *Valley v. Rapides Par. Sch. Bd.*, 118 F.3d 1047, 1050 (5th Cir. 1997). The decision lies within the district court's discretion. *Allied Mktg. Grp., Inc. v. CDL Marketing, Inc.*, 878 F.2d 806, 809 (5th Cir. 1989).

Defendants maintain that plaintiffs cannot meet their burden on the first element because the court cannot order annexation. "When an ordinance is challenged which is enacted by virtue of the discretionary power of the municipal legislative body, the judiciary will not inquire into the motives of the legislators in determining the reasonableness of the provision." *Kel-Kan Investment Corp. v. Village of Greenwood*, 428 So.2d 401, 405 (La. 1983) (citing 5 McQuillin, Municipal Corporations § 16.90 (3rd ed. 1981)). Because the fixing of municipal boundaries is a legislative function involving political questions, it is

---

[1] Plaintiffs filed a reply memorandum, one day after their deadline as set forth in the court's electronic order [doc. 12]. Although finding no basis to excuse the delay, the undersigned has considered the legal arguments and authorities cited therein.

not reviewable by the courts unless violative of standards enunciated under the authorizing statutory scheme or some constitutional provision. *Id.* at 405–06. Plaintiffs argue that this case must be reviewed as a public policy exception, because of the alleged political motives of the Council in denying their application. But the court appeared to foreclose such individual concerns in *Kel-Kan*:

> Nor is there any overriding public policy considerations. There is no statewide scheme which will be thwarted by the municipality's inaction. Louisiana's statutory scheme for the enlarging or contracting of municipal boundaries requires affirmative action on the part of the municipality, either by petition and election (La. R.S. 33:151 through 160 and portion of La. R.S. 33:172) or by petition and ordinance (La. R.S. 33:171 through 180). ***Absent action by the governing authority of the municipality, the limits and boundaries shall remain as established on July 31, 1946.***
> Nor can we find any non-statutory basis for the court's ordering deannexation. There is no constitutional right to annexation or deannexation. *State ex rel. Kemp v. City of Baton Rouge*, 215 La. 315, 40 So.2d 477 (1949).

*Id.* at 406 (emphasis in original). Accordingly, the court confines itself to plaintiffs' statutory and constitutional challenges.

On constitutional grounds, plaintiffs claim a denial of procedural due process. "An essential principle of due process is that a deprivation of life, liberty, or property 'be preceded by notice and opportunity for hearing appropriate to the nature of the case.'" *Cleveland Bd. of Educ. v. Loudermill*, 470 U.S. 532, 542 (1985) (quoting *Mullane v. Central Hanover Bank & Trust Co.,* 339 U.S. 306, 313 (1950)). But a property interest only arises under the Fourteenth Amendment when a person has a legitimate claim of entitlement to a benefit. *Mahone v. Addicks Util. Dist. of Harris Cnty.*, 836 F.2d 921, 930 (5th Cir. 1988) (citing *Bd. of Regents v. Roth*, 408 U.S. 564, 569–70 (1972)). Where a state law provides no mechanism for a landowner to compel annexation, the landowner has no

due process rights in relation to that process. *Id.* Plaintiffs cannot show an entitlement under Louisiana law to annexation of their property. They therefore have no due process claim relating to annexation or its attendant benefits, such as qualifying for a mayoral election.

On statutory grounds, plaintiffs cite the council's failure to give ten days' notice before the hearing. Instead, they complain, they only learned that the matter would be heard at the August 25 council meeting on that date. Doc. 11, att. 3, pp. 4–5. The relevant statute provides:

> Notice by publication shall be given once of the filing of the petition [of annexation] in a newspaper published or having general circulation in the municipality. No ordinance **enlarging** the boundaries of a municipality shall be adopted until ten days after the publication of the notice. Anyone desiring to be heard with reference to the proposed ordinance shall notify the clerk or secretary of the municipality in writing and the governing authorities, before **adopting** any ordinance, shall grant such hearing.

La. R.S. § 33:172(B) (emphasis added). Accordingly, the statutory notice provision appears confined to the interests of those who would oppose annexation—such an ordinance will not be granted **unless** the public has had adequate notice and opportunity to be heard.

Finally, plaintiffs contend that the defendants violated the Louisiana Open Meetings Law because they had off-the-record discussions regarding the annexation petition with a constituent, as set forth in an unverified recording submitted by plaintiffs, and because the minutes "falsely represent the material and substantive nature of the votes which took place, which is an arrestable offense." Doc. 11, pp. 14–15. Even if plaintiffs can show that these discussions or any error in the minutes amounted to a violation, the court would not go so far as compelling the Council to grant the petition. The Open Meetings Law authorizes several forms of relief, including injunctive relief, a writ of mandamus, or a

judgment voiding the action. La. R.S. § 42:26. But ordering the Council to act in a specific manner on the petition would violate the separation of powers concerns cited in *Kel-Kan*.

And to the extent plaintiffs seek expedited relief, the court finds no reason to rush a decision based on plaintiffs' self-created emergency. "Absent a good explanation, a substantial period of delay militates against the issuance of a preliminary injunction by demonstrating that there is no apparent urgency to the request for injunctive relief." *Western Surety Co. v. PASI of LA, Inc.*, 334 F.Supp.3d 764, 799 (M.D. La. 2018) (quoting *Gonannies, Inc. v. Goaupair.Com, Inc.*, 464 F.Supp.2d 603, 609 (N.D. Tex. 2006)). The matter was removed to this court on October 8, 2025, and defendants' answer was filed by November 6, well in advance of the February 2026 qualifying deadline. Docs. 1, 6. Yet plaintiffs inexplicably chose to wait another two months, creating an emergency for the court and defendants. As it stands, plaintiffs have not provided sufficient proof of an Open Meetings violation to warrant preliminary relief—especially within such a short window. Instead, defendants will be given a full opportunity to defend against this claim before the court determines whether vacatur or any other relief is warranted. Accordingly, the court finds no basis for granting preliminary injunctive relief and need not consider defendants' remaining arguments in opposition.

# III.
## Conclusion

For the reasons stated above, the court hereby **ORDERS** that the Motion for Preliminary Injunction [doc. 11] be **DENIED** and that the Motion for Permanent Injunction and Motion for Judicial Review [*id.*] be **DEFERRED** pending a full hearing on plaintiffs' allegations.

**THUS DONE AND SIGNED** in Chambers on the 20th day of January, 2026.

**JAMES D. CAIN, JR.**
**UNITED STATES DISTRICT JUDGE**